UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREA WOOD and
TAYLOR PACKWOOD

   Plaintiffs

v.

SGT INVESTMENT, et al.,

   Defendants

Case No.: 3:22-cv-00513-MMD-CSD

**Order**

Re: ECF Nos. 35, 37

     Plaintiffs filed this action for conversion, illegal transfer, violation of due process and bill of rights against defendants SGT Investment, Clement Holdings, Tom Malgesini, Tom Malgesini IRA, and Does 1-100. (ECF No. 5.) SGT Investments, LLC and Clement Holdings LLC filed a motion to dismiss. (ECF No. 10.) Tom Malgesini has also filed a motion to dismiss. (ECF No. 23.) Those motions are being briefed.

     On March 9, 2023, the undersigned issued the Civil Standing Order in this case. (ECF No. 27.)

     On April 3, 2023, Plaintiffs filed a motion for all federally mandated discovery to be provided to Plaintiffs. (ECF No. 35.) Defendants Thomas Malgesini and Tom Malgesini IRA filed a response. (ECF No. 36.)

     On April 13, 2023, Plaintiffs filed a motion to compel mandated discovery under Federal Rule of Civil Procedure 26(a) and a request to reschedule all hearings until the discovery is provided. (ECF No. 37.)

     Plaintiffs' motions (ECF Nos. 35 and 37) are **DENIED**.

First, under Rule 26(f), "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). In conferring, the parties are to, among other things, make or arrange for the disclosures required by Rule 26(a)(1) and develop a proposed discovery plan. "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(1). "The court may order the parties or attorneys to attend the conference in person." *Id*.

Under Local Rule 26-1, the pro se plaintiff must initiate the scheduling of the Rule 26(f) conference, and it is to be held within **30 days** after the first defendant answers or otherwise appears. LR 26(a). Here, the first defendant filed a motion to dismiss on February 15, 2023; therefore, Plaintiff should have initiated the scheduling of the Rule 26(f) conference to occur on or before March 17, 2023.

According to counsel for Malgesini, an email was sent to request they arrange a Rule 26(f) conference, suggesting it be held after the hearing on the motion to dismiss. Plaintiff Andrea Wood responded that Plaintiffs did not agree or consent. This is directly contrary to the rules requiring Plaintiffs to initiate the scheduling of the conference to occur within 30 days of the first defendant's answer or appearance, and to agree on a proposed discovery plan to submit to the court.

Moreover, Plaintiffs ignore both the court's Civil Standing Order and the Local Rules. The Civil Standing Order requires the parties to follow an informal discovery dispute procedure before filing any discovery motion. Both the court's informal discovery dispute procedure and a

formal discovery motion require, as a prerequisite, that the moving party engage in a good faith effort to meet and confer to resolve the dispute. A declaration detailing the meet and confer efforts must be attached to any motion under the court's informal procedure or a formal discovery motion. (*See* ECF No. 27 at 3-4; LR IA 1-3(f), LR 26-6.)

Plaintiff did not comply with the court's informal discovery dispute procedure, and did not include a meet and confer declaration.

Insofar as Defendants suggest the Rule 26(f) conference should take place after the pending motions to dismiss are resolved, the Civil Standing Order advises the parties that a motion to dismiss does not stay discovery. Instead, the parties must comply with the discovery rules as set forth in the court's Local Rules and the Federal Rules of Civil Procedure, or file a motion to stay discovery.

The parties shall participate in a Rule 26(f) conference on or before **April 28, 2023**. If the parties cannot agree to participate in the conference, the court shall be notified and the court will order the conference to take place at the courthouse at a time convenient to the court. On or before **May 5, 2023**, the parties shall file a proposed stipulated discovery plan and scheduling order in compliance with Local Rule 26-1.

**IT IS SO ORDERED**.

Dated: April 14, 2023

_____
Craig S. Denney
United States Magistrate Judge