1

2

3            UNITED STATES DISTRICT COURT

4                 DISTRICT OF NEVADA

5                        * * *

6   ANDREA WOOD, et al.,                    Case No. 3:22-cv-00513-MMD-CSD

7                      Plaintiffs,           ORDER

8        v.

    SGT INVESTMENT, et al.,

9                      Defendants.

10

11  **I.    SUMMARY**

12         *Pro se* Plaintiffs Andrea Wood and Taylor Packwood sued Defendants SGT

13  Investment, Clement Holdings, Tom Malgesini, and Tom Malgesini IRA regarding an

14  alleged wrongful foreclosure of Wood's property. (ECF No. 5 ("Complaint").) Before the

15  Court are SGT and Clement's motion to dismiss (ECF No. 10 ("First Motion")),[1] Malgesini

16  and Malgesini IRA's motion to dismiss (ECF No. 23 ("Second Motion")),[2] and Plaintiffs'

17  subsequently-filed first amended complaint (ECF No. 60 ("FAC")), which adds new

18

19  _____

    [1]Plaintiffs responded (ECF No. 39), and SGT and Clement replied (ECF No. 45).

20
           In support of the First Motion, SGT and Clement filed a request for judicial notice
21  (ECF No. 12). Plaintiffs did not oppose the request. Because the request pertains to
    property records and court filings and judgments, which are matters of public record, the
22  Court grants the request. *See Harris v. Cnty. of Orange*, 682 F.3d 1126 (9th Cir. 2012)
    ("We may take judicial notice of undisputed matters of public record, including documents
23  on file in federal or state courts.); *Kirkpatrick v. Wells Fargo Bank, N.A.*, 699 F. App'x 751
    (9th Cir. 2017) ("The district court did not abuse its discretion by taking judicial notice of
24  recorded documents related to the foreclosure of their property.").

25         [2]Plaintiffs responded (ECF No. 58), and Malgesini and Malgesini IRA replied (ECF
    No. 59). Plaintiffs also filed a surreply (ECF No. 62). The Court strikes the surreply
26  because, under LR 7-2(d), "[s]urreplies are not permitted without leave of court," and
    under LR IC 7-1, the Court "may strike documents that do not comply with these rules."
27
           In support of the Second Motion, Malgesini and Malgesini IRA filed a request for
28  judicial notice (ECF No. 24). Plaintiffs did not oppose the request. However, because the
    Court ultimately denies the Second Motion as moot, as explained below, the Court also
    denies the request for judicial notice as moot.

Defendant Alan Horwitz. As further explained below, the Court strikes the FAC as improper as to SGT and Clement and grants the First Motion because Wood's claims against them are barred by the two-dismissal rule under Federal Rule of Civil Procedure 41(a)(1)(B) and Packwood lacks standing. And because the Court finds the FAC is the operative complaint against the remaining Defendants, the Court denies the Second Motion as moot and dismisses Plaintiffs' claims against Malgesini, Malgesini IRA, and Horwitz for lack of subject matter jurisdiction.

## II.   BACKGROUND

On May 7, 2021, Wood filed an action in California Superior Court, Contra Costa County against SGT, Clement, Malgesini, and others who are not parties here, *Wood v. Malgesini et al.*, Case No. C21-00916 ("May 2021 State Action"). (ECF No. 12 at 13.) Wood alleged that Malgesini lent money to Wood for her property at 40 Hilldale Court, Orinda, California 94563 (the "Property") and that Malgesini made fraudulent statements about when Wood needed to make payments on her loans. (*Id.* at 13-14, 23.) Wood alleged this ultimately led to the Property being foreclosed on and sold at a trustee auction on November 4, 2020 to SGT and Clement, who later brought an unlawful detainer action against Wood. (*Id.* at 21-24.) Wood asserted claims for injunctive relief, fraud, wrongful foreclosure, rescission, and aiding and abetting. (*Id.* at 22-25.) On September 24, 2021, Wood voluntarily dismissed the May 2021 State Action. (*Id.* at 29.)

On November 12, 2021, Wood and Packwood filed an action in the U.S. District Court for the Northern District of California against SGT, Malgesini, Horwitz, and others who are not parties here. *See Wood et al. v. SGT Investments et al.*, Case No. 3:21-cv-08784-WHO, ECF No. 2 (N.D. Cal. Filed Nov. 12, 2021) ("November 2021 Federal Action"). On May 4, 2022, Packwood was removed from the action by the filing of the second amended complaint. (ECF No. 12 at 41.) In that second amended complaint, Wood alleged the same conduct that led to the same foreclosure and sale of the Property as in the May 2021 State Action (*id.* at 44-46) and additionally alleged that she was wrongfully evicted from the Property (*id.* at 47). Wood asserted claims for violation of civil

1   rights, conspiracy to violate civil rights, unlawful eviction, violation of AB 3088, and fraud

2   (*Id.* at 47, 49-50, 52-53.) On August 23, 2022, Wood voluntarily dismissed the November

3   2021 Federal Action. (*Id.* at 59-60.)

4          On August 19, 2022, Wood filed another federal action in the Northern District of

5   California against SGT, Clement, Malgesini, Malgesini 401(K) Plan, and others who are

6   not parties here. *See Wood v. Clement Holdings, LLC et al.*, Case No. 4:22-cv-04785-

7   YGR, ECF No. 1 (N.D. Cal. Filed Aug. 19, 2022) ("August 2022 Federal Action"). Wood

8   alleged the same conduct that led to the foreclosure and sale of the Property and her

9   subsequent eviction. *Id.* On November 10, 2022, the court found that Wood's claims were

10   barred by the two-dismissal rule under Rule 41(a)(1)(B) and dismissed the claims with

11   prejudice. (ECF No. 12 at 90-94.)

12          The instant action also involves the allegedly wrongful sale of the Property. (ECF

13   No. 5 at 2; ECF No. 7 at 1.) Plaintiffs allege that a "back door arrangement" was made "in

14   violation of [a]uction laws creating an illegal private sale" of the Property. (*Id.*) In the

15   Complaint, Plaintiffs assert claims for conversion, illegal transfer, violation of due process,

16   and violation of the Bill of Rights against SGT, Clement, Malgesini, and Malgesini IRA.

17   (*Id.* at 1.)

18          After the First and Second Motions were filed, Plaintiffs filed the FAC, asserting

19   claims for conversion, detrimental reliance, breach of contract, intentional interference

20   with contract, violation of California Civil Code § 2924i, violation of California Civil Code

21   § 2924c, and fraud against SGT, Clement, Malgesini, Malgesini IRA, and Horwitz. (ECF

22   No. 60 at 1.)

23   **III.   DISCUSSION**

24          As an initial matter, the Court first addresses whether Plaintiffs' filing of the FAC

25   was proper. The Court then addresses in turn the operative claims against SGT and

26   Clement and those against Malgesini, Malgesini IRA, and Horwitz.

27

28

1

### A.    Whether Filing of FAC was Proper

2        Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading

3   once as a matter of course no later than (A) 21 days after serving it, or (B) if the pleading

4   is one to which a responsive pleading is required, 21 days after service of a responsive

5   pleading or . . . motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the

6   pleading at issue is Plaintiffs' Complaint, to which a responsive pleading is required, so

7   Rule 15(a)(1)(B) applies. Plaintiffs amended their Complaint by filing the FAC on May 30,

8   2023 without first seeking leave to amend.[3] (ECF No. 60.) The Court addresses in turn

9   whether such amendment was proper as to each set of Defendants.

10

### 1.    SGT and Clement

11       SGT and Clement filed their Rule 12(b) motion to dismiss on February 15, 2023,

12  but the date of service is less clear to the Court because SGT and Clement did not attach

13  a certificate of service to their motion or otherwise file one. (ECF No. 10.) Generally,

14  "electronic transmission of the Notice of Electronic Filing constitutes service of a

15  document on filers," LR IC 4-1(b), and "[n]o certificate of service is required when a paper

16  is served by filing it with the court's electronic-filing system," Fed. R. Civ. P. 5(d)(1)(B).

17  However, at that time, *pro se* Plaintiffs were not registered as "filers" to file (and receive)

18  documents electronically. Under LR IC 4-1(c)(6), when a document is served on non-

19  filers, service of documents in paper form is required, even if the document is

20  electronically filed. Therefore, in this case, SGT and Clement were required to serve their

21  motion in paper form on Plaintiffs. And under Federal Rule of Civil Procedure 5(d)(1)(B),

22  when a document that is required to be served is served by non-electronic means, if the

23  document is filed, as here, "a certificate of service must be filed with it or within a

24  reasonable time after service."

25       Because no certificate of service was filed, the Court cannot—and does not

26  presume that filing and service of the motion occurred contemporaneously. The Court

27  _____

28       [3]Although the Court's docket indicates that Plaintiffs filed the FAC on May 31, 2023, the document itself includes a stamp from the Clerk's Office indicating a filing date of May 30, 2023. (ECF No. 60 at 1.)

1   therefore looks to Plaintiffs' earliest indication that they had received (and thus been

2   served) the motion. That is, on March 1, 2023, Plaintiffs filed a motion to extend time to

3   respond to that motion. (ECF No. 22.) The Court therefore finds that the date of service

4   of SGT and Clement's motion was March 1, 2023 at the latest. Twenty-one days after

5   March 1, 2023 was March 22, 2023. Plaintiffs' filing of the FAC on May 30, 2023 exceeded

6   this 21-day period to amend as of right by over two months.

7        To amend their Complaint as to SGT and Clement, Plaintiffs needed to have

8   obtained the opposing parties' written consent or leave of court under Rule 15(a)(2). *See*

9   Fed. R. Civ. P. 15(a)(2). Plaintiffs did neither, and therefore, the filing of the FAC was

10  improper as to SGT and Clement. Accordingly, the Court strikes the FAC as to SGT and

11  Clement, which renders the claims in the Complaint as the operative claims against these

12  Defendants.

13              **2.    Malgesini and Malgesini IRA**[4]

14       Malgesini and Malgesini IRA filed their Rule 12(b) motion to dismiss and a joinder

15  to SGT and Clement's motion to dismiss on March 8, 2023. (ECF Nos. 23, 25.) The

16  attached certificates of service indicated that they served the motion and joinder on that

17  same day. (ECF No. 23 at 16; ECF No. 25 at 2.) However, Malgesini and Malgesini IRA

18  later filed an amended certificate of service, stating that due to clerical error, Plaintiffs

19  were not properly mailed and served the motion or joinder on the filing date, and indicated

20

21              [4]The Court analyzes the issue of whether amendment was proper separately as to
    Malgesini and Malgesini IRA because it finds that the expiration of the time to amend as
22  of right as to SGT and Clement does not necessarily bar such amendment as to Malgesini
    and Malgesini IRA. As far as the Court can tell, the Ninth Circuit has not decided this
23  question of whether the expiration of the time to amend as of right as to one of several
    defendants bars such amendments as to other defendants for whom 21 days have not
24  yet elapsed since service of their answer or applicable Rule 12 motion. *See* Karen L.
    Stevenson, J. & James E. Fitzgerald, *Rutter Practice Guide—Federal Civil Procedure*
25  *Before Trial (Calif. and 9th Cir. Edition)*, Ch. 8-F (Apr. 2023) (collecting cases). However,
    it appears that other circuits would decide that question in the negative. *See id.* (citing
26  *Williams v. Board of Regents of Univ. System of Georgia*, 477 F3d 1282, 1291-92 (11th
    Cir. 2007) (decided prior to 2009 amendment of Rule 15(a)); *Barksdale v. King*, 699 F2d
27  744, 747 (5th Cir. 1983) (same); *Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 309
    (D.D.C. 2003) (same)). The Court follows this persuasive authority in the interests of
28  fairness to *pro se* Plaintiffs who were not properly served the Second Motion or joinder to
    the First Motion until over two months after their filing.

1    an amended service date of May 10, 2023. (ECF No. 46 at 4.) Twenty-one days after May

2    10, 2023 was May 31, 2023. Plaintiffs' filing of the FAC on May 30, 2023 therefore fell just

3    within the 21-day period to amend as of right against Malgesini and Malgesini IRA.

4    Accordingly, Plaintiffs' filing of the FAC as to these Defendants was proper, and the claims

5    in the FAC are the operative claims against Malgesini and Malgesini IRA.

6                                    **3.    Horwitz**

7            Plaintiffs' FAC adds Horwitz as a new Defendant. (ECF No. 60 at 1.) Plaintiffs

8    make no specific allegations against Horwitz in the FAC. In fact, Horwitz's name only

9    appears in the caption of the FAC and nowhere else. (*Id.*) It is therefore unclear to the

10   Court why Horwitz was added as a new Defendant. It may be the case that Plaintiffs'

11   addition of Horwitz was not proper under the applicable Federal Rules of Civil Procedure.

12   But the Court need not—and does not—resolve that issue here because, as further

13   explained below, even assuming that adding Horwitz was proper, the Court lacks subject

14   matter jurisdiction over Plaintiffs' claims against Horwitz.

15                          **B.    Claims Against SGT and Clement**

16           Having struck the FAC as to SGT and Clement, the Court considers the claims in

17   the Complaint as the operative claims against SGT and Clement. The Court thus

18   addresses SGT and Clement's argument in the First Motion that the two-dismissal rule

19   bars the claims against them, then whether it will grant Plaintiffs leave to amend.

20                                 **1.    Two-Dismissal Rule**

21           SGT and Clement argue that Plaintiffs' Complaint must be dismissed for the same

22   reason Plaintiffs' August 2022 Federal Action was dismissed—as barred by the two-

23   dismissal rule. (ECF No. 10 at 5; ECF No. 23 at 6-10.) Plaintiffs do not dispute that the

24   May 2021 State Action and the November 2021 Federal Action (collectively, the "Prior

25   Actions") were voluntarily dismissed. Plaintiffs instead counter that the two-dismissal rule

26   does not apply here because "the claims, [D]efendants[,] and 'nucleus of facts' are

27

28

                                           6

1    sufficiently different from the prior case." (ECF No. 39 at 2.) As further explained below,

2    the Court agrees with SGT and Clement.[5]

3         Federal Rule of Civil Procedure 41(a)(1) governs voluntary dismissal of actions by

4    a plaintiff and provides that a plaintiff may voluntarily dismiss an action without a court

5    order by filing a notice of dismissal or, where the defendant has answered or filed a motion

6    for summary judgment, a stipulation of dismissal signed by all the parties that have

7    appeared in the action. Fed R. Civ. P. 41(a)(1)(A). It further provides that "if the plaintiff

8    previously dismissed any federal- or state-court action based on or including the same

9    claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P.

10   41(a)(1)(B). "[A] voluntary dismissal is presumed to be 'without prejudice' unless it states

11   otherwise, but a voluntary dismissal of a second action operates as a dismissal on the

12   merits if the plaintiff has previously dismissed an action involving the same claims."

13   *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th

14   Cir.1999). This rule is known as the "two dismissal rule." *Id.*

15        As to the meaning of "same claims" under Rule 41(a)(1), "[t]he relevant inquiry is

16   not whether the claims identified in the various complaints match up exactly, but whether

17   the two suits arise from the 'same transactional nucleus of facts' such that the claims

18   pleaded are 'all grounds for recovery which could have been asserted, whether they were

19   or not, in a prior suit between the same parties.'" *Melamed v. Blue Cross of California*,

20   Case No. CV 11-4540 PSG FFMX, 2012 WL 122828, at *5 (C.D. Cal. Jan. 13, 2012),

21   *aff'd*, 557 F. App'x 659 (9th Cir. 2014) (citing *Owens v. Kaiser Foundation Health Plan,*

22   *Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)).

23        Plaintiffs argue that the instant action arises from different facts and events than

24   the Prior Actions, namely that this action focuses on the alleged conversion of the

25   Property, while the November 2021 Federal Action "focused on the wrongful eviction that

26   _____

27        [5]SGT and Clement raised other arguments, but having found that the two-
     dismissal rule applies, the Court need not—and does not—address these other
28   arguments. However, the Court does not appear to have personal jurisdiction over these
     Defendants, and venue does not appear to be proper because the dispute involves
     property located in California.

occurred later." (ECF No. 39 at 2.) The Court disagrees. The May 2021 State Action arises out of the alleged wrongful foreclosure of the Property and subsequent unlawful detainer action brought against Wood. (ECF No. 12 at 13-27.) The November 2021 Federal Action arises out of the same alleged wrongful foreclosure of the Property, as well as the subsequent alleged wrongful eviction of Wood from the Property. (*Id.* at 41-57.) The instant action arises out of the same alleged wrongful foreclosure and sale of the Property. (ECF Nos. 5, 7.) Accordingly, while Plaintiffs may have asserted different claims in each action, the Court finds that the instant action and the Prior Actions all arise from the same common nucleus of facts such that the two-dismissal rule would apply here.

Plaintiffs also argue that the instant action differs from the Prior Actions because it involves different defendants. (ECF No. 39 at 2.) The two-dismissal rule does not require defendants to be identical or in strict privity, but merely "requires at least a relationship between the dismissed party and the party seeking to claim the benefit of the bar." *Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991). The May 2021 State Action was brought by Wood against SGT, Clement, and others. (ECF No. 12 at 13.) The November 2021 Federal Action was brought by Wood against SGT and others. (*Id.* at 41.) SGT was therefore a defendant in both Prior Actions, while Clement was only a defendant in the May 2021 State Action.

While Clement was only named as a defendant in the May 2021 State Action, it was certainly implicated in the November 2021 Federal Action. The Trustee's Deed Upon Sale indicates that Clement and SGT purchased and thereafter owned the Property together. (ECF No. 12 at 5.) Clement and SGT also both obtained default judgment in the unlawful detainer action against Wood for possession of the Property (*id.* at 11), which became the subject of the November 2021 Federal Action. The Court therefore finds, as the court also found in the August 2022 Federal Action (ECF No. 12 at 93-94), that Clement was implicitly involved in the November 2021 Federal Action and is entitled to invoke the two-dismissal rule.

1    Plaintiffs lastly argue that the instant action differs from the Prior Actions because

2    it "includes a new Plaintiff, Taylor Packwood." (ECF No. 39 at 4.) While that may be true,

3    Plaintiff Wood's claims against SGT and Clement are still barred by the two-dismissal

4    rule, as it is undisputed that Wood voluntarily dismissed the two Prior Actions. (ECF No.

5    12 at 29-30, 59-60.) As to Plaintiff Packwood, because he was ultimately not involved in

6    those voluntary dismissals,[6] his claims against SGT and Clement are not barred by the

7    two-dismissal rule. However, the Court finds that Packwood has not demonstrated that

8    he has standing to bring his claims. See *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862,

9    868 (9th Cir. 2002) ("[F]ederal courts are required sua sponte to examine jurisdictional

10   issues such as standing."). Packwood is nowhere mentioned in the Complaint's

11   allegations, and the Complaint only mentions Wood and "Wood's property." (ECF No. 5

12   at 1-2.) As far as the Court can tell, Packwood was allegedly a former tenant of Wood

13   and never held an ownership interest in the Property. (ECF No. 12 at 44.) Accordingly,

14   Packwood lacks standing to bring claims against SGT and Clement.

15   In sum, the Court dismisses Wood's claims against SGT and Clement as barred

16   by the two-dismissal rule and dismisses Packwood's claims against SGT and Clement

17   for lack of standing.

18                        **2.    Leave to Amend Claims Against SGT and Clement**

19   Plaintiffs request leave to amend if the Court dismisses any of their claims. (ECF

20   No. 39 at 4.) The Court has discretion to grant leave to amend and should freely do so

21   "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*,

22   911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if:

23   (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3)

24   the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies;

25   or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512

26   F.3d 522, 532 (9th Cir. 2008). Here, because Wood's claims are barred as a matter of

27

28   _____

     [6]Packwood was initially included as a plaintiff in the November 2021 Federal Action but was removed from a later amended complaint before the voluntary dismissal. (ECF No. 23 at 4 n.1, 6 n.2.)

9

1    law by the two-dismissal rule, amendment would be futile. And because Packwood lacks

2    standing, the Court does not have Article III jurisdiction over his claims. Accordingly, the

3    Court denies Plaintiffs' request for leave to amend their claims against SGT and Clement.

4                    **C.    Claims Against Malgesini, Malgesini IRA, and Horwitz**

5          Having earlier found that the filing of the FAC was proper as to Malgesini and

6    Malgesini IRA, and assuming it was also proper as to Horwitz, the Court considers the

7    claims in the FAC as the operative claims against these Defendants and therefore denies

8    the Second Motion, which addresses the Complaint, as moot. The Court now *sua sponte*

9    addresses whether it has subject matter jurisdiction over the operative claims.

10         "[F]ederal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v.*

11   *Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a

12   particular case unless the contrary affirmatively appears." *Stock West, Inc. v.*

13   *Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)

14   (citation omitted). "Because subject matter jurisdiction goes to the power of the court to

15   hear a case, it is a threshold issue and may be raised at any time and by any party."

16   *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004) (citing

17   Fed. R. Civ. P. 12(b)(1)). "Additionally, the court may *sua sponte* raise the issue of lack

18   of subject matter jurisdiction and *must* dismiss a case if no subject matter jurisdiction

19   exists." *Id.* (citing Fed. R. Civ. P. 12(h)).

20         Plaintiffs invoke diversity jurisdiction as grounds for subject matter jurisdiction.

21   (ECF No. 60 at 5.) To establish subject matter jurisdiction under diversity of citizenship

22   under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of

23   citizenship among opposing parties; and (2) an amount in controversy exceeding

24   $75,000. 28 U.S.C. § 1332(a). Here, Plaintiffs allege the parties are completely diverse

25   because "Plaintiff [presumably referring only to Wood] is a resident of the state of Nevada,

26   and all Defendants are residents of the State of California." (*Id.*) Based on the addresses

27   Plaintiffs submitted to the Court, at the time of the Complaint's filing and the

28   commencement of this action, Wood resided in Nevada, while Packwood resided in

                                                     10

1    California.[7] (ECF No. 5 at 1.) Packwood is therefore considered a citizen of California for

2    purposes of the diversity jurisdiction analysis. *See Mann v. City of Tucson, Dep't of Police*,

3    782 F.2d 790, 794 (9th Cir. 1986) ("Existence of diversity jurisdiction is determined by the

4    citizenship of the parties at the time of the filing of the complaint, not at the time the cause

5    of action arose or after the action is commenced.").

6        Defendant Malgesini asserts in a sworn affidavit that he is a citizen of California

7    and lives in California (ECF No. 23-1 at 1), which is corroborated by the address listed on

8    the summons issued to Malgesini (ECF No. 6-2). *See Ass'n of Am. Med. Colleges v.*

9    *United States*, 217 F.3d 770, 778 (9th Cir. 2000) (stating that a court may consider

10   evidence outside the pleadings to determine subject matter jurisdiction). Moreover,

11   Plaintiffs allege in the FAC that "all Defendants [which includes Malgesini, Malgesini IRA,

12   and Horwitz] are residents of the State of California." (ECF No. 60 at 5.) Because one

13   Plaintiff and at least one Defendant were both citizens of California at the time of the

14   Complaint's filing, there is no complete diversity. Accordingly, the Court lacks subject

15   matter jurisdiction here[8] and dismisses without prejudice Plaintiffs' claims against

16   Malgesini, Malgesini IRA, and Horwitz.

17   **IV.    CONCLUSION**

18       It is therefore ordered that Defendants SGT Investment and Clement Holdings's

19   motion to dismiss (ECF No. 10) is granted. Plaintiff Wood's claims against SGT and

20   Clement are dismissed with prejudice. Plaintiff Packwood's claims against SGT and

21   Clement are dismissed without prejudice for lack of standing.

22   _____

23       [7]After the Complaint was filed, Packwood submitted a notice of change of address,
     updating his address to a Nevada address. (ECF No. 9.) Because diversity jurisdiction is
24   determined by the citizenship of the parties at the time of the commencement of an action,
     the Court does not consider this updated address for purposes of establishing diversity
25   jurisdiction. *See Mann*, 782 F.2d at 794. Moreover, a lack of complete diversity at the time
     of the filing of a lawsuit cannot be cured by a subsequent change in citizenship of a
26   continuing party. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574-75
     (2004).

27       [8]The Court further notes that, in addition to Plaintiffs' explicit invocation of diversity
     jurisdiction in the FAC (ECF No. 60 at 5), the Court also finds that all of Plaintiffs' claims
28   in the FAC are plainly state law claims over which there could be no federal question
     jurisdiction (*id.* at 1).

1        It is further ordered that Defendant Malgesini and Malgesini IRA's motion to

2  dismiss (ECF No. 23) is denied without prejudice as moot.

3        The Clerk of Court is directed to strike Plaintiffs' surreply (ECF No. 62) from the

4  docket.

5        It is further ordered that Plaintiffs' claims against Defendants Malgesini, Malgesini

6  IRA, and Horwitz are dismissed without prejudice for lack of subject matter jurisdiction.

7        The Clerk of Court is further directed to enter judgment accordingly and close this

8  case.

9        DATED THIS 12th Day of June 2023.

10

11                                     _____

12                                     MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28